***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 1, affirmed July 27, 2022

Nicholas HEWKO,
*Plaintiff-Respondent,*

*v.*

PARADISE AUTO CENTER, LLC
and Hudson Insurance Company,
*Defendants-Appellants.*

Marion County Circuit Court
20CV16969; A175793

David E. Leith, Judge.

Rachele R. Selvig argued the cause for appellants. Also on the briefs were Travis A. Merritt and Cauble, Selvig, & Whittington, LLP.

Young Walgenkim argued the cause for respondent. Also on the brief was Hanson & Walgenkim, LLC.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

In this appeal from a civil judgment awarding recission of an automobile purchase, defendants, Paradise Auto Center, LLC and Hudson Insurance Company, assign error to the trial court's decision to allow a witness to provide opinion testimony and to the trial court's finding that vehicle damage occurred prior to the time that plaintiff, Nicholas Hewko, purchased the vehicle. We reject without further discussion the assignment related to the trial court's factual finding on when the damage occurred, except to say there was competent evidence to support the court's conclusions. *Emerson v. Kusano*, 260 Or App 577, 580-81, 320 P3d 610 (2014) (trial court's factual determinations reviewed for any competent evidence). As we explain, the trial court did not err in allowing certain opinion testimony. Therefore, we affirm.

The relevant facts to this appeal are that plaintiff purchased a 2015 Nissan Sentra from defendant Paradise in late January 2020 and noticed problems with the transmission as soon as he drove it home. After exchanging phone calls for several days with Paradise to have the car looked at, the mechanic working for Paradise noted that the car was still under factory powertrain warranty and suggested taking it to an authorized Nissan dealer for service. About nine days after purchasing the car, plaintiff took the car to an authorized Nissan dealer. The transmission was replaced under the factory warranty for the part. While performing the transmission replacement, the dealer removed a subframe to gain access to the transmission and noticed that the subframe was damaged. That subframe damage was noted on the inspection report from the Nissan dealer and incurred extra labor cost to remove during the transmission replacement. After getting the car back from the Nissan dealer, plaintiff attempted to return the car to Paradise, but Paradise refused to take the car back.

Plaintiff took the car to Scott Fait for an inspection in late September.[1] At trial, after being offered and

---

[1] The record does not explain the delay between when plaintiff purchased the car and discovered the subframe damage in early 2020 and Fait's inspection in September 2020. In any event, the delay has no bearing on the issues in this appeal.

admitted to provide opinion testimony, Fait testified that he had inspected the car, noticed the bent subframe within about 30 seconds, and opined that if a mechanic "had gotten underneath the vehicle and looked for damage [they would] have seen [the] frame damage." During cross-examination, Fait said that the damage "doesn't look like a bottoming out. This looks like something bent it. I could tell you that a pothole or anything like that wouldn't have done that." Fait could not say whether the damage occurred before or after plaintiff purchased the car.

Before Fait testified in this case, he explained that he had been working on cars for over 50 years, had a two-year college degree in "engine tune-up and auto repair," had inspected thousands of cars, and estimated that "probably 15 percent" of those had been damaged. Defendant objected to Fait's admission as an expert under OEC 702.

During defendant's questions in aid of objection, Fait explained that, while he was not currently a "master mechanic certified by AFC," he had been for decades. Fait admitted that he was never certified in collision repair or auto body repair. After questioning, defendant argued that Fait could not be admitted as an expert because

> "he doesn't have any history or certification in collision repair. We're talking about damage or alleged damage to a frame of a vehicle. And I don't think he can speak to it as an expert because he's never had any education or training or certification in that field."

The trial court noted that, while it was routine to certify a witness as an expert before allowing testimony, the evidence rule did not require that order and, if defendant had a particular objection to the foundation for a question, to raise it at that point. After defendant later objected about the lack of proper foundation for Fait to answer a question on whether the frame was bent, the trial court stated, "I believe that he has adequate expertise demonstrated in the record to answer the question whether the frame in the photograph is bent. So your objection's overruled."

On appeal, defendant characterizes the central issue in the trial as "the nature, extent, and time when frame damage occurred to plaintiff's used Nissan." Defendant

argues that, because Fait admitted to not having knowledge or experience in automobile collision evaluations or frame damage, it was error to permit him to testify as to the "nature, scope, and attribution of the frame damage."

We review the trial court's determination of whether a witness is qualified under OEC 702 to provide expert testimony about a particular topic for legal error. *State v. Althof*, 273 Or App 342, 344, 359 P3d 399 (2015), *rev den*, 358 Or 550 (2016). To be an expert, a person must have the "knowledge, skill, experience, training or education" to provide testimony "in the form of an opinion or otherwise" regarding the "particular topic" on which a person claims expertise. OEC 702; *Althof*, 273 Or App at 345. The qualifications of a witness, and therefore their capacity to testify as an expert, is relative to the topic about which the witness is asked to offer evidence. *State v. Rivera-Ortiz*, 288 Or App 284, 294, 406 P3d 73 (2017), *rev den*, 362 Or 665 (2018) (noting trial court correctly limited expert testimony to that supported by witness's training and experience).

As we understand Fait's testimony, it was narrow in scope. He provided an opinion that the subframe was bent; that a mechanic who looked under the car would have seen the bent subframe; and that "bottoming out" the car would not have caused the damage. As noted, Fait did not opine as to who or what caused the damage, nor when the damage occurred, specifically stating, "Did the guy that owns it do it? Did it happen before? I couldn't tell you that." In light of Fait's testimony that he had been working on cars for decades, had received training in automotive repair, and had inspected thousands of vehicles—including hundreds that had been damaged—during his career, the court did not err by allowing Fait to provide opinion testimony.[2] *See Rivera-Ortiz*, 288 Or App at 293 (noting officer's 32 hours of training and experience investigating over 100 traffic accidents as sufficient to support opinion that one vehicle was moving at a "higher rate of speed"); *see also State v. Park*,

_____

[2] Nor did the court err by deferring the decision whether to allow Fait to testify as an expert until a question that required foundation arose. *See State v. Rogers*, 330 Or 282, 316, 4 P3d 1261 (2000) (noting that OEC 702 requires an assessment of the particular qualifications to provide the particular opinion testimony).

140 Or App 507, 514, 916 P2d 334, *rev den*, 323 Or 690 (1996) (16 hours of training and experience with "numerous growing operations" sufficient to allow witness to testify as to whether marijuana plants were clones or seed starts).

Affirmed.